IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| QUALIA CLINICAL SERVICE, INC., | ) | |
| | ) | CASE NO. BK09-80629-TJM |
| Debtor(s). | ) | A09-8041-TJM |
| QUALIA CLINICAL SERVICE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CH. 11 |
| | ) | |
| vs. | ) | |
| | ) | |
| INOVA CAPITAL FUNDING, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the court on the defendant's motion to dismiss the amended complaint (Fil. #9) and response by the debtor-plaintiff (Fil. #17). Jenna B. Taub and Robert F. Craig represent the debtor, and Brandon R. Tomjack represents the defendant.

The motion is denied.

The debtor, Qualia Clinical Service, Inc., has filed an amended complaint seeking the avoidance of an allegedly preferential transfer. The parties entered into an Invoice Purchase Agreement on December 11, 2007, for the purchase of certain accounts receivable belonging to Qualia. Qualia contends the agreement is in actuality a financing arrangement. Inova filed a UCC-1 financing statement on February 19, 2009, covering Qualia's accounts, documents, instruments, chattel paper, inventory, and general intangibles. The financing statement was filed fewer than 90 days before Qualia filed its bankruptcy petition, so Qualia wants to avoid that transfer pursuant to 11 U.S.C. §§ 547 and 550.

Inova filed this motion to dismiss the amended complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012(b). Inova alleges that this court has already made a finding in the bankruptcy case that the parties' arrangement is a sale of assets, rather than a financing arrangement, and that the amended complaint fails to establish the prima facie elements of an avoidance claim under § 547(b).

Federal procedural rules require a complaint to "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Fed. R. Bankr. P. 7008(a). The court accepts "as true all of the factual allegations contained in the complaint, and

review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008).

The United States Supreme Court recently modified the standards for courts to consider when scrutinizing a complaint pursuant to a Rule 12(b)(6) motion:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

> The plaintiffs need not provide specific facts in support of their allegations, Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), but they must include sufficient factual information to provide the "grounds" on which the claim rests, and to raise a right to relief above a speculative level. Twombly, 127 S. Ct. at 1964-65 & n. 3. The complaint must "provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005). Otherwise, a plaintiff with no hope of showing proximate causation could require inefficient expenditure of resources and potentially induce a defendant to settle a meritless claim. Id.

Schaaf, 517 F.3d at 549.

Inova makes two arguments in support of its motion: first, that the "law of the case" doctrine applies to preclude Qualia from taking a position contrary to a finding already made by the court, and second, that Qualia cannot state a preference avoidance claim for relief because it failed to take § 547(c)(5) into account.

First, the law of the case "is a doctrine of discretion," Little Earth of the United Tribes, Inc. v. U.S. Dep't of Hous. & Urban Affairs, 807 F.2d 1433, 1440 (8th Cir. 1986), providing that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Id. at 1441 (quoting Arizona v. California, 460 U.S. 605, 618 (1983)). The Bankruptcy Appellate Panel for the Eighth Circuit recently explained that

> "[l]aw of the case" is a policy of deference under which "a court should not reopen issues decided in earlier stages of the same litigation." Agostini v. Felton, 521 U.S. 203, 236, 117 S. Ct. 1997, 138 L. Ed. 2d 391 (1997); see also Little Earth of the United Tribes, Inc. v. United States Dep't of Hous. & Urban Dev., 807 F.2d 1433, 1438 (8th Cir. 1986) ("The law of the case doctrine applies to issues implicitly decided in earlier stages of the same case."). Although reviewing courts are not required to refrain from revisiting their own decisions "if substantially different evidence is subsequently introduced or the decision is clearly erroneous and works manifest injustice," the doctrine of law of the case "prevents the relitigation of settled issues in a case, thus protecting the settled expectations of parties, ensuring uniformity of decisions, and promoting judicial efficiency." Little Earth, 807 F.2d at 1441; see also Woods v. Kenan (In re Woods), 215 B.R. 623, 625 (10th Cir. B.A.P. 1998) (where appellants in a bankruptcy case, who had previously appealed to the United States District Court, sought further review from a different order of the same issues, the bankruptcy appellate panel found "that the law of the case doctrine should be applied to limit our review to issues not previously decided by the District Court"); 5 Am. Jur. 2d, Appellate Review § 566 (2008) ("issues decided in earlier appellate stages of the same litigation should not be reopened, except by a higher court, absent some significant change in circumstances," so long as "there was a hearing on the merits and that there have been no material changes in the facts since the prior appeal").

Myers v. Raynor (In re Raynor), 406 B.R. 375, 379 (B.A.P. 8th Cir. 2009).

Here, however, the issue was not decided on the merits in the bankruptcy case and cannot now be relied on to preclude the debtor's allegations. Inova is referring to a July 7, 2009, order in the bankruptcy case (Fil. #141 in Case No. BK09-80629-TJM) on Inova's emergency motion to enforce an order establishing sale procedures, which was brought because the parties disagreed as to which of them was authorized to collect certain receivables post-petition. The order notes the existence of this preference action, observes that based on the contract language and the parties' pre-petition practice, Inova purchased the receivables from Qualia, and therefore Qualia should not be interfering with Inova's collection activities. That order was only on the motion to enforce sale procedures, and explicitly recognized that "[i]f the preference action is successful, the debtor's remedy under the Bankruptcy Code will be enforced by this court. Until then, Inova has the exclusive right to pursue collection of the receivables." Id. at 2. The agreement's scope and nature were not at issue in the context of that motion, and the statements made in that order did not settle the issue of whether the agreement was a sale or a financing arrangement. Accordingly, such statements are not binding in this action.

Second, Qualia's amended complaint sets forth the elements of an avoidable preference under § 547(b) and its theory of how the facts fit those elements. Inova argues that § 547(c)(5), often called the "improvement in position" test, precludes Qualia from stating a valid preference claim. However, § 547(c)(5) is an affirmative defense for creditors, Batlan v. TransAmerican Commercial Fin. Corp. (In re Smith's Home Furnishings, Inc.), 265 F.3d 959 964-65 (9th Cir. 2001); Galloway

v. First Alabama Bank (In re Wesley Indus., Inc.), 30 F.3d 1438, 1442 (11th Cir. 1994), and has no bearing on a plaintiff's ability to state a claim for relief. It is a matter to be raised later in the case after the facts have been developed.

    For these reasons, I find that Qualia's amended complaint is sufficient to meet the required pleading standards.

    IT IS ORDERED: The defendant's motion to dismiss the amended complaint (Fil. #9) is denied.

    DATED:    September 1, 2009

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    Jenna B. Taub
    Robert F. Craig
    *Brandon R. Tomjack
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.