IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| QUALIA CLINICAL SERVICE, INC., | ) | |
| | ) | CASE NO. BK09-80629-TJM |
| Debtor(s). | ) | A09-8041-TJM |
| RICK D. LANGE, Trustee of the Chapter 7 | ) | |
| Bankruptcy Estate of Qualia Clinical | ) | |
| Service, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | CH. 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| INOVA CAPITAL FUNDING, LLC, and | ) | |
| INOVA CAPITAL FUNDING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

This matter is before the court on the plaintiff's motion to strike (Fil. #44) portions of the affidavit evidence submitted in support of the defendants' motion for summary judgment, and resistance thereto (Fil. #51). Brian S. Kruse represents the Chapter 7 trustee, and Brandon R. Tomjack represents the defendants.

The trustee objects to the affidavits submitted by the defendants in support of their motion for summary judgment to the extent such affidavits contain parol evidence concerning the legal construction of, and the parties' intent with regard to, the invoice purchase agreement at issue in the lawsuit. Likewise, the trustee seeks to strike as irrelevant references to Qualia's alleged breach of the agreement. In response, the defendants assert that the affidavits contain only admissible evidence based on the affiants' personal knowledge of the transactions. The defendants also argue that the evidence regarding the alleged breach is relevant to the issue of whether the transfers improved Inova's position to the detriment of unsecured creditors.

The motion is denied. While much of the testimony in the affidavits was irrelevant to the issues ultimately decided in the court's order on the parties' summary judgment motions, the affidavits provide background information, and should be given the weight they deserve in this context. "Any defects [to an affidavit] are best addressed by reducing the weight accorded to the affidavit and not by striking the document in its entirety." Estate of Butler ex rel. Butler v. Maharishi Univ. of Mgmt., 589 F. Supp. 2d 1150, 1156 (S.D. Iowa 2008).

IT IS ORDERED: The plaintiff's motion to strike (Fil. #44) is denied.

DATED:          April 6, 2010

                                        BY THE COURT:

                                        /s/ Timothy J. Mahoney
                                        United States Bankruptcy Judge

Notice given by the Court to:
        *Brandon R. Tomjack
        *Christopher Lee Denison
        *William Brian Memory
        *Brian S. Kruse
        U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.